.charge. Judgment (Kershaw, J.) reversed. OPINION by MR. CHIEF JUSTICE SIMPSON, March 8, 1889. *Mark Reynolds,* 'for appellant. *J. C. James,* contra.

No. 2383. TATE *v.* MARCO. November Term, 1888. The question in this case was as to the meaning of so much of the opinion of this court at the former hearing (27 S. C., 493) as held that defendants should not "be charged with the uncollected balances upon the notes of Byrd and Richards." The plaintiffs .contended that the court meant to hold the defendants responsi-ble on those notes to the extent of their commissions. But the Circuit Judge (Hudson) construed the opinion to mean "that these notes must be entirely eliminated from the statement of accounts as made up by the special referee." On appeal, this construction of the former opinion was approved and held to be correct. OPINION by MR. JUSTICE McIVER, March 11, 1889. *Dargan & Dargan,* for appellants. *R. W. Boyd* and *J. E. Nettles,* contra.

No. 2384. COLEMAN *v.* KEELS. November Term, 1888. A trial justice having issued his warrant to eject the defendant from premises claimed by the defendant, under section 1819 of *General Statutes,* the execution of the warrant was stayed by a *writ of certiorari* and an order of stay, returnable to the next term of the Court of Common Pleas for Clarendon County. Upon hear-ing the return at such term, Judge Aldrich, the presiding judge, on May 22, made the stay of proceedings permanent, and en-joined the plaintiff and trial justice from interfering with defend-ant's possession until "the possession is decided by this court." From this order there was no appeal. At Sumter (in the same Circuit), on June 7, on motion, after notice of thirteen days, Judge Aldrich revoked his order passed in open court at Claren-don. At his home in Barnwell, in another Circuit, on June 19, Judge Aldrich, on motion, without notice, revoked his order of June 7, saying that it had been "signed under a misapprehension of the facts of the case," and he "reinstated and declared in full force" the order of May 22. On appeal by the parties, respec-tively, from the orders of June 7 and 19, *held,*

1. That the order of May 22 was final, and notice of appeal

therefrom not having been taken in time, exceptions thereto could not be considered under an appeal from the order of June 19.

2. That the order of June 19 must be set aside, as it was made without notice, at chambers, and by the Circuit Judge after he had left the Circuit.

3. The final order of May 22, made in open court, could not be vacated at chambers, even in the same Circuit, by the Circuit Judge who granted it, unless, perhaps, such order had been obtained by fraud or misrepresentation, of which there is no evidence here.

Orders of June 7 and June 19 reversed. OPINION by MR. JUSTICE McIVER, March 11, 1889. *M. C. Galluchat*, for relator. *A. Levi*, contra.

No. 2386. MOORE *v.* WILLARD & Co. November Term, 1888. Action on account. Plaintiff notified defendant's attorneys that he would take the testimony of three witnesses (naming them) on May 12, 1888, before P., a notary public, at his office in Richmond, Va. Defendant's attorneys endorsed thereon: "We consent to the taking of the within depositions on May 12, 1888." A certificate that the depositions were taken at the time and place mentioned and were duly sworn to and subscribed, was signed by P. as notary and his seal affixed. *Held*,

1. The failure to serve interrogatories did not render the depositions inadmissible.

2. The certificate and seal of the notary, in the absence of testimony throwing suspicion on its execution, was sufficient evidence that P. was a notary and that the witnesses were sworn, especially so when considered in connection with the consent endorsed on the notice.

3. The act of 1883 (18 Stat., 373) authorizes the taking of depositions of witnesses who reside permanently in another State, as well as of citizens temporarily absent or about to go away.

4. Defendant having denied his indebtedness, plaintiff asked him on the witness stand whether he was not also denying indebtedness to another person by whom he was then being sued. *Held*, that this testimony, though perhaps irrelevant and erroneous, was not a ground for a new trial, as it could not have prejudicially affected the defendant.